UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| In the Matter of the Application of<br><br>KIMBERLY V. ROEBERS<br><br>For an Order to Conduct Discovery for Use in a Foreign Legal Proceeding Pursuant to 28 U.S.C. § 1782<br><br>_____/ | No. C12-80145 MISC RS (LB)<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN A FOREIGN LEGAL PROCEEDING PURSUANT TO 28 U.S.C. § 1782** |

## I. INTRODUCTION

Petitioner Kimberly Roebers filed an *ex parte* application to take discovery pursuant to 28 U.S.C. § 1782. That statute allows a district court to order a person residing or found within its district to produce documents or provide testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. The petition was assigned to District Court Judge Richard Seeborg, who referred the matter to the undersigned for resolution. Upon consideration of Ms. Roebers's application and the relevant legal authority, the court DENIES WITHOUT PREJUDICE her application.

## II. BACKGROUND

Ms. Roebers is a party in a divorce proceeding in Dublin, Ireland. Ex Parte Application for Order to Conduct Discovery, ECF No. 1 at 2. The divorce proceeding, *Dr. Johannes Roebers v. Kim Roebers (née Knight),* file no. 01125/2011, is pending before the Circuit Family Court of the County of Dubin, Ireland. *Id.*

Mr. Roeber filed an ex parte motion with the Circuit Court on or about February 8, 2012, in which he asked the Circuit Court for discovery into six months' worth of Ms. Roeber's private communications, including email messages, text messages, and other forms of communication. *Id.* Mr. Roeber's affidavit laid out what he believed had transpired during Ms. Roeber's sexual activities during their marriage and after they were separated. *Id.* at 3. Ms. Roeber alleges that the affidavit made it plain that Mr. Roeber and his hired investigator, Ms. De Benedittis, illegally accessed her private communications, as information contained in Ms. De Benedittis' investigation report could not have been obtained through any method other than logging into a private profile on a website using Ms. Roeber's personal login information. *Id.* at 3, 5-6. Ms. Roeber claims that after Mr. Roeber filed his motion and affidavit, she discovered that he stole or made a copy of a document that contained all the information needed to access her private communications. *Id.* at 4.

On June 20, 2012, Ms. Roeber filed the instant application requesting authorization to conduct discovery pursuant to 28 U.S.C. § 1782. *Id.* at 1. Specifically, Ms. Roeber seeks an order authorizing her to issue subpoenas to eight different companies allegedly in possession of information relating to user data in their systems, including the IP address from which a user's email account or other information was accessed. *Id.* at 9. She attaches to her application, as Exhibit A, drafts of the subpoenas she wants the court to issue. *Id.*, Ex. A. Essentially, she seeks three sets of documents from each recipient: (1) documents sufficient to identify who accessed her accounts; (2) document sufficient to identify the IP addresses that accessed her accounts; and (3) documents sufficient to identify what those persons did when they accessed her accounts. *See id.* Presumably, this information will tell Ms. Roebers whether Mr. Roebers (or his agent) accessed any of her accounts without her permission, as she suspects.

### III.  LEGAL STANDARD

28 U.S.C. § 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the

court.

A litigant in a foreign action qualifies as an "interested person" under § 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 ( 2004). In order to apply for discovery pursuant to § 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Id*. at 258- 59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id*. at 259 (holding that discovery was proper under § 1782 even though the applicant's complaint against the opposing party was only in the investigative stage). An *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may raise objections and exercise their due process rights by bringing motions to quash the subpoenas).

A district court has wide discretion to grant discovery under § 1782. *Intel*, 542 U.S. at 260- 61. In exercising its discretion, a district court should consider the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *See id*. at 264- 65.

A district court's discretion is to be exercised in view of the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts. *See Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2004). There is no requirement that the party seeking discovery establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

## IV. DISCUSSION

A. Statutory Requirements

Ms. Roeber's application satisfies most, but not all, of the minimum requirements of § 1782: the requested discovery is for use in her divorce proceeding before the Circuit Court of Ireland, which clearly qualifies as a proceeding before a foreign tribunal; there is no question that Ms. Roeber is an "interested person" as she is a litigant in the proceeding; and the instant *ex parte* application is an acceptable method of requesting discovery under § 1782. *See In re Letters Rogatory*, 539 F.2d at 1219.

But Ms. Roeber has not demonstrated that the subpoenaed parties reside in this district. As described above, Ms. Roeber's application attaches eight subpoenas. Those subpoenas are addressed to: (1) Active Bytes Software, LLC c/o Worldwide Incorporators Ltd., 3411 Silberside Road, Rodney Bldg., Ste 104, Wilmington, DE 19810; (2) Apple Inc. c/o CT Corporation System, 818 W. Seventh St., Los Angeles, CA 90017; (3) Domains by Proxy, LLC c/o Sherlynn Delgado, 14455 N. Hayden Rd., Suite 219, Scottsdale, AZ 85260; (4) Google Inc. c/o CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Ste 150 N. Sacramento, CA 95833; (5) Microsoft Inc. c/o CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Ste 150 N. Sacramento, CA 95833; (6) SDC Marketing Inc. c/o Dave Vandewouw, 2054 Kildaire Farm Rd., Suite 428, Cary, NC 27511; (7) Various Inc. c/o  CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Ste 150 N. Sacramento, CA 95833; and (8) Yahoo! Inc. c/o CT Corporation System, 818 W. Seventh St., Los Angeles, CA 90017. *See* Application, ECF No. 1, Ex. A. None of these addresses are within the Northern District of California, and Ms. Roeber cites no authority suggesting or demonstrating that a court in the Northern District of California may issue subpoenas to entities with addresses outside of the district.

In her application, Ms. Roeber conclusorily states that the records she seeks are located and stored in the Northern District of California (presumably by the entities she seeks to subpoena), but she provides no evidence to demonstrate this to be true. Application, ECF No. 1 at 8-9.[1] Nowhere

---

[1] Specifically, Ms. Roeber states:

The emails and other communications illegally accessed and obtained by [Mr. Roeber] were created, transmitted, stored, or otherwise located within the Northern

C 12-80145 MISC RS (LB)
ORDER
4

does she show that "Google, Microsoft, Yahoo!, and other communications services" "maintain operations, electronic storage facilities, and/or transmission facilities in the Northern District of California," as she asserts.

Accordingly, Ms. Roeber has failed to satisfy the statutory requirements to allow this court to grant her application.

B.  Exercise of the Court's Discretion

If Ms. Roeber had satisfied the statutory requirements, the court likely would have found good cause to exercise its discretion to authorize the requested discovery.  The first *Intel* factor is satisfied: Ms. Roeber is a participant in a foreign proceeding, as she is a litigant in a divorce proceeding before the Circuit Court of Ireland.

The second *Intel* factor also is satisfied. Ms. Roeber provided authorities showing the prior receptivity of Irish courts to discovery acquired with the assistance of American courts, and the Court has no reason to believe that the reception to the discovery requested here would differ in any significant manner.  *See, e.g., McKevitt v. Pallasch,* 339 F.3d 530, 532, and *In re Charter Communications, Inc.;* 393 F.3d 771.

With regard to the third *Intel* factor, the Court does not view Ms. Roeber's request as an attempt to circumvent any foreign restrictions related to the discoverability of the requested information, as

---

District of California.  Many of the emails and communications at issue in the Circuit Court proceedings were sent or received through email accounts and profiles operated or hosted by Google, Microsoft, Yahoo!, and other communications services that maintain operations, electronic storage facilities, and/or transmission facilities in the Northern District of California.  Like all communications systems, those services maintain backups and electronic records relating to the accessing of user data on their systems, including such information as the IP ("Internet Protocol") address from which a user's email account or other information was accessed (which IP address indicates the physical location from which the access was conducted); the date and time of each access to the system; the functions that were performed during each access (e.g., whether an email was deleted, composed, sent, etc.); and other such information.  Those records are also located and stored within the Northern District of California.

Application, ECF No. 1 at 8-9.  No declaration was submitted in support of these facts.

C 12-80145 MISC RS (LB)
ORDER
5

the information she seeks is related to her own personal accounts.  Furthermore, Ms. Roeber provides authority to show that Irish litigants are permitted to initiate discovery of evidence under Irish procedure.  *See* Circuit Court Rules, Order: 24, Rules 1-7, Order: 32, Rules 1-9.

Finally, the fourth *Intel* factor also is satisfied.  Internet service providers and operators of communications systems are generally familiar with this type of discovery request.  Ms. Roeber's request does not appear to be unduly intrusive or burdensome.

### V.  CONCLUSION

Based on the foregoing, the court DENIES WITHOUT PREJUDICE Ms. Roeber's application.  Should Ms. Roeber choose to file another application, she may notice it for hearing before the undersigned in accordance with this district Civil Local Rule 7.

**IT IS SO ORDERED.**

Dated: July 3, 2012

_____
LAUREL BEELER
United States Magistrate Judge