UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| In the Matter of the Application of | No. C12-80145 MISC RS (LB) |
| KIMBERLY V. ROEBERS | **ORDER GRANTING PETITIONER'S RENEWED APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN A FOREIGN LEGAL PROCEEDING PURSUANT TO 28 U.S.C. § 1782** |
| For an Order to Conduct Discovery for Use in a Foreign Legal Proceeding Pursuant to 28 U.S.C. § 1782 | |
| _____/ | [Re: ECF No. 4] |

## I. INTRODUCTION

Petitioner Kimberly Roebers filed an *ex parte* application to take discovery pursuant to 28 U.S.C. § 1782. That statute allows a district court to order a person residing or found within its district to produce documents or provide testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. The petition was assigned to District Court Judge Richard Seeborg, who referred the matter to the undersigned for resolution. Upon consideration of Ms. Roebers's renewed application and the relevant legal authority, the court GRANTS her application.

## II. BACKGROUND

Ms. Roebers is a party in a divorce proceeding in Dublin, Ireland. Ex Parte Application for Order to Conduct Discovery, ECF No. 1 at 2. The divorce proceeding, *Dr. Johannes Roebers v. Kim Roebers (née Knight),* file no. 01125/2011, is pending before the Circuit Family Court of the County of Dubin, Ireland. *Id.*

C 12-80145 MISC RS (LB)
ORDER

1    Mr. Roeber filed an ex parte motion with the Circuit Court on or about February 8, 2012, in
2 which he asked the Circuit Court for discovery into six months' worth of Ms. Roeber's private
3 communications, including email messages, text messages, and other forms of communication. *Id.*
4 Mr. Roeber's affidavit laid out what he believed had transpired during Ms. Roeber's sexual activities
5 during their marriage and after they were separated. *Id.* at 3.  Ms. Roeber alleges that the affidavit
6 made it plain that Mr. Roeber and his hired investigator, Ms. De Benedittis, illegally accessed her
7 private communications, as information contained in Ms. De Benedittis' investigation report could
8 not have been obtained through any method other than logging into a private profile on a website
9 using Ms. Roeber's personal login information. *Id.* at 3, 5-6.  Ms. Roeber claims that after Mr.
10 Roeber filed his motion and affidavit, she discovered that he stole or made a copy of a document that
11 contained all the information needed to access her private communications. *Id.* at 4.

12    On July 6, 2012, Ms. Roeber filed a renewed application requesting authorization to conduct
13 discovery pursuant to 28 U.S.C. § 1782.  Renewed Ex Parte Application for an Order to Conduct
14 Discovery, ECF No. 4 at 1.  Specifically, Ms. Roeber seeks an order authorizing her to issue
15 subpoenas to seven different companies allegedly in possession of information relating to user data
16 in their systems, including the IP address from which a user's email account or other information
17 was accessed. *Id.* at 9, Ex. A.  She attaches to her application, as Exhibit A, drafts of the subpoenas
18 she wants the court to issue. *Id.*, Ex. A.  Essentially, she seeks three sets of documents from each
19 recipient: (1) documents sufficient to identify who accessed her accounts; (2) document sufficient to
20 identify the IP addresses that accessed her accounts; and (3) documents sufficient to identify what
21 those persons did when they accessed her accounts. *See id.*  Presumably, this information will tell
22 Ms. Roebers whether Mr. Roebers (or his agent) accessed any of her accounts without her
23 permission, as she suspects.

## III.  LEGAL STANDARD

25    28 U.S.C. § 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him
> to give his testimony or statement or to produce a document or other thing for use in a
> proceeding in a foreign or international tribunal, including criminal investigations
> conducted before formal accusation.  The order may be made pursuant to a letter
> rogatory issued, or request made, by a foreign or international tribunal or upon the

application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

A litigant in a foreign action qualifies as an "interested person" under § 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 ( 2004). In order to apply for discovery pursuant to § 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Id*. at 258- 59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id*. at 259 (holding that discovery was proper under § 1782 even though the applicant's complaint against the opposing party was only in the investigative stage). An *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may raise objections and exercise their due process rights by bringing motions to quash the subpoenas).

A district court has wide discretion to grant discovery under § 1782. *Intel*, 542 U.S. at 260- 61. In exercising its discretion, a district court should consider the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *See id*. at 264- 65.

A district court's discretion is to be exercised in view of the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts. *See Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2004). There is no requirement that the party seeking discovery establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

## IV.  DISCUSSION

A. Statutory Requirements

Ms. Roeber's application satisfies the minimum requirements of § 1782: the subpoenaed parties reside in this district[1]; the requested discovery is for use in her divorce proceeding before the Circuit Court of Ireland, which clearly qualifies as a proceeding before a foreign tribunal; there is no question that Ms. Roeber is an "interested person" as she is a litigant in the proceeding; and the instant *ex parte* application is an acceptable method of requesting discovery under § 1782. *See In re Letters Rogatory*, 539 F.2d at 1219.

B. Exercise of the Court's Discretion

The court finds good cause to exercise its discretion to authorize the requested discovery. The first *Intel* factor is satisfied: Ms. Roeber is a participant in a foreign proceeding, as she is a litigant in a divorce proceeding before the Circuit Court of Ireland.

The second *Intel* factor also is satisfied. Ms. Roeber provided authorities showing the prior receptivity of Irish courts to discovery acquired with the assistance of American courts, and the Court has no reason to believe that the reception to the discovery requested here would differ in any significant manner. *See, e.g., McKevitt v. Pallasch,* 339 F.3d 530, 532, and *In re Charter Communications, Inc.;* 393 F.3d 771.

With regard to the third *Intel* factor, the Court does not view Ms. Roeber's request as an attempt to circumvent any foreign restrictions related to the discoverability of the requested information, as the information she seeks is related to her own personal accounts. Furthermore, Ms. Roeber provides authority to show that Irish litigants are permitted to initiate discovery of evidence under Irish procedure. *See* Circuit Court Rules, Order: 24, Rules 1-7, Order: 32, Rules 1-9.

Finally, the fourth *Intel* factor also is satisfied. Internet service providers and operators of

---

[1] The seven subpoenas attached to Ms. Roeber's application are addressed to: (1) Google Inc., 1600 Ampitheatre Parkway, Mountain View, CA 94043; (2) Yahoo!, Inc., 701 First Avenue Sunyvale, CA 94089; (3) Microsoft, Inc., 835 Market Street, Suite 700, San Francisco, CA 94103; (4) Various, Inc., 220 Humboldt Court, Sunnyvale, CA 94089; (5) Apple, Inc., 1 Infinite Loop, Cupertino, CA 95014; (6) NTT America, Inc., 1741 Technology Drive, Suite 350, San Jose, CA 955110-1318; (7) Softlayer Technologies, Inc., 3105 Alfred Street, Santa Clara, CA 95054. *See* Renewed Ex Parte Application, ECF No. 4, Ex. A.

C 12-80145 MISC RS (LB)
ORDER
4

1 communications systems are generally familiar with this type of discovery request.  Ms. Roeber's
2 request does not appear to be unduly intrusive or burdensome.  Should any of the subpoenaed
3 entities believe that it is, they may raise the issue at that time.

### V.  CONCLUSION

Based on the foregoing, the court GRANTS Ms. Roeber's renewed application and permits the issuing of the seven attached subpoenas.

**IT IS SO ORDERED.**

Dated: July 11, 2012



_____
LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California

C 12-80145 MISC RS (LB)
ORDER

5